UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD C. POND | CIVIL ACTION NO. 3:09CV348(JCH) |
| v. | 309CV00348 JCH |
| ST. JOHN'S CHURCH | February 27, 2009 |

# COMPLAINT

## I. INTRODUCTION

1. This is an action for unpaid wages, liquidated damages, attorneys' fees and costs, as well as other relief available in law or equity arising out of Defendant's refusal to pay Plaintiff overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and Conn. Gen. Stat. § 31-58, *et seq.*

## II. THE PARTIES

2. Plaintiff, Richard C. Pond ("Pond"), is an individual residing in West Hartford, Connecticut.

3. Defendant, St. John's Church ("Defendant"), is a Connecticut corporation doing business in the State of Connecticut. At all times relevant to this Complaint, Defendant was an employer as that term is defined under the FLSA.

## III. JURISDICTION

4. Jurisdiction over Count One is conferred upon this Court by 28 U.S.C. § 1331 because this claim arises out of the laws of the United States.

1

5. This Court has supplemental jurisdiction over the State law claims set forth herein pursuant to 28 U.S.C. § 1367(a).

## IV. FACTUAL BACKGROUND

6. Pond began his employment with Defendant in or about February of 1982.

7. Throughout his employment, Pond held the position of Sexton.

8. During his employment with Defendant, Pond had an excellent work record and was well qualified for the position he held.

9. Upon commencing his employment, Defendant informed Pond that his position would require thirty-six (36) hours of work per week.

10. However, Pond often worked over forty (40) hours per week. In fact, since 1982, on average, Pond worked approximately 198.5 hours per year beyond his regular 36 hour work week. This includes approximately 136.5 hours of time up to forty (40) hours per week and approximately 62 hours over forty (40) hours per week. This amounts to a total of 5,453 hours of unpaid work performed by Pond.

11. In addition, Pond was on call twenty-four (24) hours per day, most every day.

12. Pond's primary job duties included, but were not limited to, providing day to day maintenance of the church, set up for church activities, clean up after all services and activities, snow removal, and opening and locking up the building.

13. Approximately three (3) years ago, Pond underwent surgery to have both of his hips replaced.

14. Defendant was fully aware that Pond had a hip replacement, yet still insistently required him to often work more than thirty-six (36) hours per week.

15. On December 31, 2008, Defendant's Reverend, Joseph L. Pace ("Pace"), wrote Pond a letter and purported to lower Pond's work week from thirty-six (36) hours to thirty-five (35) hours. Also in the letter, Pace demanded Pond account for thirty-five (35) hours per week and stated "In addition to those 35 hours you continue to be responsible for snow removal, setting up and cleaning after parish events, running errands as needed, opening and closing the building for evening meetings" thus requiring him to perform several additional job duties beyond his regular work week.

16. Pond objected to this malicious treatment and indicated that the Church was forcing him into early retirement by requiring him to work close to sixty (60) hours per week with no additional pay.

17. On January 12, 2009, Defendant terminated Pond's employment effective March 1, 2009. Defendant also demanded that Pond vacate the house which Defendant had provided him for his entire twenty-seven (27) year employment.

18. At the time of his termination, Pond was fifty-two (52) years old and he suffered from physical disabilities.

**COUNT ONE:** **VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201,** *et seq.*

1-18. Pond realleges paragraphs one (1) through eighteen (18) as if fully set forth verbatim herein.

19. During his employment with Defendant, Pond's job duties, responsibilities, and activities were those of a non-exempt employee under the terms and provisions of the Fair Labor Standards Act.

20. During the period from three years prior to the date of the filing of this complaint

until the present, Defendant repeatedly violated and continues to violate the provisions of the Fair Labor Standards Act, 29 U.S.C. Sec. 201 et seq., by employing Pond for workweeks longer than forty hours without compensating him for his employment in excess of forty hours at rates not less than one and one-half times the regular rate at which his was employed. As a result, Pond has suffered damages.

21. In repeatedly violating and continuing to violate the overtime provisions of the FLSA as alleged above, Defendant knew that its failure to pay overtime compensation to Pond was prohibited by the FLSA or showed reckless disregard as to whether such failure was prohibited by the FLSA. Pond is therefore entitled to liquidated damages as authorized by the Act.

22. As a further result of Defendant's actions, Pond has incurred and will continue to incur, attorneys' fees and costs in connection with pursuing this action.

**COUNT TWO:    VIOLATION OF CONN. GEN. STAT. § 31-58, *et seq.***

1-18. Pond realleges paragraphs one (1) through eighteen (18) as if fully set forth verbatim herein.

19. Pond's job duties, responsibilities, and activities were those of a non-exempt employee under the terms and provisions of the Conn Gen. Stat. § 31-58, *et seq.*

20. Defendant failed to compensate Pond for the hours he worked beyond his regular work week of thirty-six (36) hours up to forty (40) hours at his regular rate at which he was employed. As a result, Pond has suffered damages due to Defendant's failure to pay Pond for his entire "straight-time" hours.

21.  As a further result of Defendant's actions, Pond has incurred and will continue to incur, attorneys' fees and costs in connection with pursuing this action.

**COUNT THREE:   VIOLATION OF CONN. GEN. STAT. § 31-58, *et seq.***

1-18.  Pond realleges paragraphs one (1) through eighteen (18) as if fully set forth verbatim herein.

19.  Pond's job duties, responsibilities, and activities were those of a non-exempt employee under the terms and provisions of the Conn Gen. Stat. § 31-58, *et seq*.

20.  During the period from three years prior to the date of the filing of this complaint until the present, Defendant repeatedly violated and continues to violate the provisions of the Conn Gen. Stat. § 31-58, *et seq.*, by employing Pond for workweeks longer than forty hours without compensating him for his employment in excess of forty hours at rates not less than one and one-half times the regular rate at which his was employed. As a result, Pond has suffered damages.

21.  In repeatedly violating and continuing to violate the provisions of the Conn Gen. Stat. § 31-58, *et seq.* as alleged above, Defendant knew that its failure to pay overtime compensation to Pond was prohibited by the Conn Gen. Stat. § 31-58, *et seq.* or showed reckless disregard as to whether such failure was prohibited by the Conn Gen. Stat. § 31-58, *et seq.* Pond is therefore entitled to liquidated damages as authorized by the statute.

**COUNT FOUR:   TORTIOUS WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

1-18.  Pond realleges paragraphs one (1) through eighteen (18) as if fully set forth verbatim herein.

22.  As reflected in the provisions of the Connecticut Minimum Wage Act, Conn Gen. Stat. § 31-58, *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*,

it is an important public policy of the State of Connecticut to ensure that the principles and policies embraced by these Acts are upheld. Those principles, both as expressed legislatively through the Acts and as judicially conceived are to ensure that individuals are fairly compensated for the work that they perform in addition to promoting the "health, efficiency, and general well-being of workers." 29 U.S.C. §202(a).

23. Defendant violated those important public policies when it terminated Pond in retaliation for complaining of Defendant's unreasonable requirement that he work in excess of his normal work week with no additional pay.

24. Defendant engaged in the aforementioned actions in bad faith, maliciously, intentionally, willfully, wantonly, and/or in reckless disregard of Plaintiff's rights and well-being.

25. Defendant's actions have caused Pond to suffer damages, including, but not limited to, compensatory damages, economic damages, loss of employment benefits, damage to reputation, severe emotional and physical distress, as well as loss of enjoyment of life.

26. Plaintiff has also incurred, and will continue to incur, attorneys' fees and costs in connection with pursuing this action.

**COUNT FIVE:    WRONGFUL DISCHARGE IN VIOLATION OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

1-22    Pond realleges paragraphs one (1) through twenty-two (22) of Count Four as if fully set forth verbatim herein.

23. Based on the foregoing, Defendant terminated Pond's employment with a sinister motive and dishonest purpose and contrary to the fulfillment of the parties'

reasonable expectations, and in violation of important public policy of the State of Connecticut, when it terminated Pond in retaliation for complaining about Defendant's failure to adhere to the aforementioned laws, policies, and requirements.

24. Defendant engaged in the aforementioned actions in bad faith, maliciously, intentionally, willfully, wantonly, and/or in reckless disregard of Pond's rights and well-being.

25. Defendant's actions have caused Pond to suffer damages, including, but not limited to, compensatory damages, economic damages, loss of employment benefits, damage to reputation, severe emotional and physical distress, as well as loss of enjoyment of life.

26. Plaintiff has also incurred, and will continue to incur, attorneys' fees and costs in connection with pursuing this action.

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff claims,

1. Unpaid overtime wages;

2. Unpaid straight time wages;

3. Liquidated damages;

4. Compensatory damages, including, but not limited to, lost benefits, mental anguish, loss of enjoyment of life, loss of enjoyment of profession, damage to personal and professional reputations, emotional distress, humiliation, pain, and embarrassment;

5. Common Law punitive damages;

6. Back pay;

7. Front pay;

8. Future economic losses;

9. Interest and costs;

10. Common Law attorneys' fees;

11. Statutory attorneys' fees; and

12. Such other relief as in law or equity may pertain.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Plaintiff,
Richard C. Pond

By: /s/
William G. Madsen (CT 09853)
Peter B. Prestley (CT 15799)
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue, Suite 201
Hartford, CT 06106
(860) 246-2466 (tel.)
(860) 246-1794 (fax)